# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00084-MR

| | |
|---|---|
| JAMAL BULLOCK EL-BEY,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants' Notice of Removal [Doc. 1] to which the *pro se* Plaintiff objects [Doc. 3].

## I. BACKGROUND

The *pro se* Plaintiff filed the Complaint[2] in Alexander County Superior Court addressing incidents that allegedly occurred at the Alexander

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff's name is actually Jamal Bullock. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0708943&searchOffenderId=0708943&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 3, 2021); Fed. R. Evid. 201.

[2] The Complaint is dated November 30, 2018; however, it was not docketed by the Alexander County Superior Court until April 14, 2021.

Correctional Institution.³ He names as Defendants the North Carolina Department of Public Safety ("NCDPS"), Division of Adult Corrections; Daniel Turner, the Alexander CI facility intelligence officer ("FIO"), in his individual and official capacities; and Russell H. Chester, an Alexander CI FIO/Security Risk Group ("SRG") captain, in his individual and official capacities.

The Plaintiff, who is a "Moorish-American National," alleges that the Defendants violated his "rights secured by the North Carolina Constitution and the Constitution of the United States" by: confiscating his personal, legal, and religious property; charging him with a disciplinary infraction because of his religion; classifying him as an SRG "sovereign citizen" without due process; and retaliating against him. [Doc. 1-2 at 1-4]. He further alleges that the Defendants violated prison policy, and that the SRG classification constitutes defamation, slander, and libel. [Id. at 6]. He seeks declaratory and injunctive relief, punitive damages, and any other relief the Court deems just. [Id. at 7].

The Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 because the Complaint purports to assert claims pursuant

---

³ The Plaintiff filed the Complaint while he was incarcerated at the Marion Correctional Institution. He is presently housed at the Tabor Correctional Institution.

to 42 U.S.C § 1983 under the United States Constitution, and possibly pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), over which this Court has federal question jurisdiction. The Plaintiff has filed an Objection to the Notice of Removal that is liberally construed as a Motion to Remand, arguing that the North Carolina court has jurisdiction over the action.[4] [Doc. 3]. The Defendants filed a Response. [Doc. 5]. The Plaintiff did not reply, and the time to do so has expired. This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Except as otherwise provided by law, a defendant may remove a state civil action to federal district court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Among those cases of which the district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the

---

[4] See generally Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe *pro se* documents liberally).

3

'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (*en banc*) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III. DISCUSSION

The Plaintiff argues that the case should be remanded to the Alexander County Superior Court because that court has jurisdiction pursuant to N.C. Gen. Stat. § 7A-240 "to redress the deprivation, under color of stat law, of rights secured by the N.C. Constitution and U.S. Constitution." [Doc. 3 at 1]. The Plaintiff notes that he did "[n]ot once specifically assert or state the 1st, 5th, or 14th Amendment of the U.S. Constitution, nor [RLUIPA], which MUST be pursued pursuant to Section 1983 of Title 42 of the United States Code." [Doc. 3 at 1-2].

In his Complaint, the Plaintiff is asserting claims against state employees for the alleged violation of "rights secured by … the U.S. Constitution"[5] under the color of state law. [Doc. 3 at 1]. The Complaint thus presents a substantial question of federal law over which this Court has

---

[5] The Plaintiff appears to indicate in his Objections that he does not intend to assert a RLUIPA claim.

4

original jurisdiction.  See 42 U.S.C. § 1983; 28 U.S.C. § 1331.  That the Plaintiff does not specifically identify the federal constitutional provisions at issue is not dispositive, as he is asserting the violation of his federal constitutional rights under the color of state law.  Nor does the Plaintiff's assertion of claims under North Carolina law defeat the Defendants' right to removal.  See Gleichauf v. Ginsberg, 859 F.Supp. 229, 231 (S.D.W. Va. 1994) ("mere concurrent jurisdiction with the state courts is not enough to withstand removal on original jurisdiction grounds."); see generally 28 U.S.C. § 1367 (discussing supplemental jurisdiction).  Therefore, the Plaintiff's Objection to the Notice of Removal is construed as a Motion to Remand and is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that this case was properly removed from state court pursuant to 28 U.S.C. §§ 1441(a) and 1331, and the Plaintiff's objection to removal is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Defendants' Notice of Removal [Doc. 3] is construed as a Motion to Remand and is **DENIED.**

**IT IS SO ORDERED**.

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge