# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00084-MR

| | |
|---|---|
| JAMAL BULLOCK EL-BEY,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF PUBLIC SAFETY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1-2].

The *pro se* Plaintiff filed the Complaint[2] in Alexander County Superior Court addressing incidents that allegedly occurred at the Alexander Correctional Institution.[3] The Defendants removed the action pursuant to 28

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff's name is Jamal Bullock. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0708943&searchOffenderId=0708943&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 3, 2021); Fed. R. Evid. 201.

[2] The Complaint is dated November 30, 2018; however, it was not docketed by the Alexander County Superior Court until April 14, 2021.

[3] The Plaintiff filed the Complaint while he was incarcerated at the Marion Correctional Institution. He is presently housed at the Tabor Correctional Institution.

U.S.C. §§ 1441(a) and 1331, and the Plaintiff's Motion to Remand [Doc. 3] was denied. [Doc. 6]. The Plaintiff names as Defendants: the North Carolina Department of Public Safety ("NCDPS"), Division of Adult Corrections; Daniel Turner,[4] the Alexander CI facility intelligence officer ("Officer Turner"); and Russell H. Chester, an Alexander CI FIO/Security Risk Group ("SRG") captain ("Captain Chester"). Both Officer Turner and Captain Chester are sued in their individual and official capacities.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, district courts must conduct a frivolity review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[4] "Daniel Turnner" in the Complaint. [Doc. 1-2 at 1].

2

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Section 1983

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### 1. Individuals Not Named as Defendants

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders the Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed

at individuals not named as Defendants are therefore dismissed without prejudice.

### 2. NCDPS

The Plaintiff attempts to assert § 1983 claims against NCDPS. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDPS is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). The Plaintiff's § 1983 claims against NCDPS are accordingly dismissed with prejudice.

### 3. Property Confiscation

The Plaintiff alleges that Officer Turner and Captain Chester had his cell searched on April 6, 2018; that "legal/religious" property was confiscated without due process; and that Captain Chester failed to return the property after the related disciplinary charge was dismissed.[5]  [Doc. 1-2 at 4].

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.  The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property

---

[5] The Plaintiff's other allegations of property loss do not appear to pertain to any named Defendant.

4

or liberty that was accomplished by state action.  Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988).  Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy.  Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).  The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some established state procedure."  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

Liberally construing the allegations, the Plaintiff appears to allege that he was deprived of his property pursuant to an established procedure rather than a random or unauthorized act.  The Plaintiff's due process claim against

Defendants Chester and Turner is minimally sufficient to proceed and will be permitted to pass initial review.

### 4. SRG Validation

The Plaintiff asserts that the Defendants validated him as SRG without due process, and that this classification resulted in harsher conditions of confinement. [Doc. 1-2 at 5-6].

Prisoners do not have a liberty interest in any particular housing assignment unless it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see Incumaa v. Stirling, 791 F.3d 517, 530 (4th Cir. 2015) (considerations include "(1) the magnitude of confinement restrictions; (2) whether the administrative segregation is for an indefinite period; and (3) whether the assignment to administrative segregation had any collateral consequences on the inmate's sentence.").

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court concludes that he has stated a due process claim against Defendants Chester and Turner with regards to his SRG validation that is sufficient to survive initial review. This claim will therefore be allowed to proceed.

### 5. Disciplinary Charge

The Plaintiff alleges that he was charged with a gang-related disciplinary infraction that was ultimately dismissed "for whatever reason." [Doc. 1-2 at 4].

As a general matter, a false disciplinary charge cannot serve as the basis for a constitutional claim absent some exception such as unconstitutional retaliation or arbitrary punishment. See Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)).

The Plaintiff's bare assertion that he was charged with a disciplinary infraction that was later dismissed does not, without more, state a § 1983 claim. This claim, therefore, will be dismissed without prejudice.

### 6. Religious Freedom

The Plaintiff alleges that he is an active member of the Moorish Science Temple of America (MST of A) and that he was "very offended" by the SRG sovereign citizen designation.[6] [Doc. 1-2 at 5].

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and

---

[6] The Plaintiff does not appear to assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). [See Doc. 3 at 1-2] (opposing removal on the grounds that he did not cite RLUIPA).

that the official action or regulation substantially burdened his exercise of that belief.  See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989).  A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Even if the Plaintiff's membership in the MST of A constitutes a sincerely held religious belief, the Plaintiff has not alleged facts sufficient to show that such belief was substantially burdened by the Defendants' actions.  Therefore, this claim will be dismissed without prejudice.

### 7. Retaliation

The Plaintiff appears to allege that Defendants Chester and Turner ordered the April 6, 2018 cell search in retaliation for his request to be removed from the SRG associate list and/or for filing a grievance.  [Doc. 1-2 at 4].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right."  Suarez Corp. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000).  Prison officials may not retaliate against an inmate for exercising a constitutional right.  See Hudspeth v. Figgins, 584

8

F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that he has stated a retaliation claim against Defendants Chester and Turner that is sufficient to survive initial review.

### 8. Policy Violations

The Plaintiff appears to allege that the Defendants violated prison policy by, *inter alia*, failing to promptly remove him from the SRG associate list; refusing to allow him to read the NCDPS SRG security policy and

9

procedure; and failing to return his personal property after the disciplinary charge was dismissed. [Doc. 1-2 at 3].

Allegations that the Defendants violated prison policy do not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Therefore, the Plaintiff's allegations that the Defendants violated prison policy, standing alone, are dismissed.

## B. Supplemental Jurisdiction

The Plaintiff raises several claims under North Carolina law. Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying

10

for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

### 1. North Carolina Constitution

The Plaintiff asserts claims against the Defendants for the alleged violation of his rights under the North Carolina Constitution. [Doc. 1-2 at 6].

"Claims brought under the North Carolina Constitution may be asserted only against state officials acting in their official capacities." Love-Lane v. Martin, 355 F.3d 766, 789 (4th Cir. 2004); see Corum v. Univ. of N.C., 330 N.C. 761, 413 S.E.2d 276, 289, 293 (1992) ("in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution."). A plaintiff whose rights under the North Carolina Constitution have been violated may pursue an action directly under the state constitution only if there is no other remedy under state law to redress the violation. Corum, 413 S.E.2d at 289. Article I, Section 14 protects freedom of speech and press, and Section 19 addresses due process. These rights under the North Carolina Constitution are synonymous with federal free speech and due process rights. See Frye v. Brunswick Cty. Bd. of Educ., 612 F. Supp. 2d

694, 705 (E.D.N.C. 2009) (due process); Sheaffer v. Cty. of Chatham, 337 F. Supp. 2d 709, 729–30 (M.D.N.C. 2004) (free speech).

Because the Plaintiff's due process and retaliation claims have passed initial review, the Court will exercise supplemental jurisdiction over the Plaintiff's claims under Sections 14 and 19 of the North Carolina Constitution against Defendants Chester and Turner and NCDPS at this time. To the extent that the Plaintiff intended to assert other violations of the North Carolina Constitution, they are insufficient to proceed for the same reasons that the Plaintiff's corresponding federal constitutional claims failed to pass initial review.

### 2. Defamation

The Plaintiff alleges that the Defendants' imposition of the SRG label defamed him. [Doc. 1-2 at 5-6].

Generally, libel and slander are two forms of defamation with slander involving spoken words while libel is written. Phillips v. Winston-Salem/Forsyth Cnty. Bd. of Educ., 117 N.C.App. 274, 277, 450 S.E.2d 753, 756 (1994). A statement is defamatory if it tends "to prejudice another in his reputation, office, trade, business, or means of livelihood." Donovan v. Fiumara, 114 N.C.App. 524, 526, 442 S.E.2d 572, 574 (1994). The statement must also be false. Id. at 528, 442 S.E.2d at 574. A defamatory

statement that charges a plaintiff with committing an infamous crime, impeaches his or her trade or business, or accuses him or her of having a "loathsome disease" is actionable *per se* and the plaintiff does not have to allege or prove malice or special damages; they are presumed. Id. at 527-8, 442 S.E.2d at 574-75. For other defamatory statements, malice and special damages must be alleged and proven. Id. In pleading a cause of action for defamation, a plaintiff must recount the allegedly defamatory statement either verbatim or at least with enough specificity to allow the court to decide if the statement is defamatory. Morrow v. Kings Dep't Stores, Inc., 57 N.C.App. 13, 21, 290 S.E.2d 732, 737 (1982).

The Plaintiff has minimally alleged that the SRG label has defamed his character, and this claim is related to the same factual allegations that have passed initial review on the Plaintiff's § 1983 claims. The Court will therefore exercise supplemental jurisdiction over the Plaintiff's slander and libel claims at this time.

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims for retaliation and due process violations have passed initial review against Defendants Chester and Turner. The Court will exercise supplemental jurisdiction over the Plaintiff's claims against Defendants Chester and Turner for defamation under North Carolina

13

law, and against Chester, Turner, and NCDPS for due process violations and retaliation under Article I, §§ 14 and 19, of the North Carolina Constitution.[7] The Plaintiff's § 1983 claims against NCDPS are dismissed with prejudice; the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims set forth above.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's § 1983 claims for retaliation and due process violations have passed initial review against Defendants Chester and Turner. The Court will exercise supplemental

---

[7] In allowing these federal and state law claims to pass initial review, the Court expresses no opinion as to whether these claims are timely. The Court further expresses no opinion as to whether the State has waived its sovereign immunity for the Plaintiff's state law claims.

jurisdiction over Plaintiff's claims of libel and slander against Defendants Chester and Turner, and for due process violations and retaliation against Chester, Turner, and NCDPS.

2. The Plaintiff's § 1983 claims against NCDPS are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed against the Defendants as provided in this Order.

5. The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, and an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED.** Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge