IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00084-MR

| | |
|---|---|
| JAMAL BULLOCK EL-BEY,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's Motion for Extension of Time [Doc. 18] and "Motion for Reconsideration for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)" [Doc. 19].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[2] The Complaint passed initial review on § 1983 claims of

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff's name is Jamal Bullock. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0708943&searchOffenderId=0708943&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Feb. 23, 2022); Fed. R. Evid. 201.

[2] The Plaintiff presently resides at the Sampson Correctional Institution. The Plaintiff filed the Complaint in Alexander County Superior Court, and the Defendants removed the action to this Court. [Doc. 1].

retaliation and due process violations, and the Court exercised supplemental jurisdiction over several North Carolina claims. [Doc. 9]. On January 5, 2022, the Court entered a Pretrial Order and Case Management Plan in which it appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery, and set the deadline to file motions to amend and join parties as February 22, 2022, the discovery cutoff date as May 3, 2022, and the deadline to file dispositive motions as June 2, 2022. [Doc. 16]. On January 13, 2022, NCPLS filed a Notice of Non-Representation. [Doc. 17].

The Plaintiff now seeks an enlargement of the deadline to file motions for leave to join additional parties or otherwise amend the pleading. He explains that he does not understand NCPLS's Notice of Non-Representation or the federal rules for conducting discovery and trial, and he seeks an enlargement of time "until this issue of appointment can be properly addressed by the 4th Cir. Court of Appeals in the event that NCPLS Inc. fails to assist Plaintiff with discovery….." [Doc. 18 at 1].

In his Motion for Reconsideration, the Plaintiff asks the Court to appoint counsel to represent him in this matter. He states that: he is unable to afford counsel; he has requested the appointment of NCPLS, which has declined the representation; his imprisonment will greatly limit his ability to litigate; the issues involved are complex and will require significant research and

investigation; he has no access to the law library or law books; he has very limited knowledge of federal laws and rules of court; the Plaintiff filed this action in state court and the Defendants removed it to this Court; a trial in this case will likely involve conflicting testimony; counsel would be better able to present evidence and cross-examine witnesses; and the Plaintiff has made great effort to obtain a lawyer and NCPLS has declined to assist him. [Doc. 19; see Doc. 19-1]. The Plaintiff states that, if the Court refuses to appoint counsel, he will be forced to seek a writ of mandamus regarding the appointment of counsel in the Fourth Circuit. [Id. at 2].

As a preliminary matter, the Plaintiff appears to assert that NCPLS is required to accept the appointment to assist him with discovery in this case. He is mistaken. Pursuant to the Court's Standing Order 3:19-mc-00060-FDW, NCPLS may decline an appointment in a state prisoner case for any reason by filing a Notice of Non-Representation, which it has done here. [Id. at 1-2]. Accordingly, NCPLS will not be assisting the Plaintiff with discovery, and he must proceed *pro se*.

Next, the Plaintiff asks the Court to appoint counsel to represent him in this matter. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a

private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, his Motion is denied.

Finally, the Plaintiff requests an extension of the pretrial deadlines because of NCPLS's decision to decline the representation. The Motion will be granted, at least in part. The deadline to file motions for leave to join additional parties or otherwise amend the pleadings will be extended by 30 days, and the other pretrial deadlines will be adjusted accordingly.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Reconsideration for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)" [Doc. 19] is **DENIED**.

2. The Plaintiff's Motion for Extension of Time [Doc. 18] is **GRANTED**, and the parties shall have until March 24, 2022 to file motions for leave to join additional parties or otherwise amend the pleadings; until June 2, 2022 to complete discovery; and until July 5, 2022 to file dispositive motions.

**IT IS SO ORDERED**.

Signed: February 25, 2022

Martin Reidinger
Chief United States District Judge