IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00084-MR

| | |
|---|---|
| JAMAL BULLOCK EL-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion for an Order Compelling Discovery [Doc. 24].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. The Complaint passed initial review on retaliation and due process claims, and the Court exercised supplemental jurisdiction over several North Carolina claims. [Doc. 9]. On January 5, 2022, the Court entered a Pretrial Order and Case Management Plan in which it appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery, and set the discovery cutoff date as May

---
[1] The Plaintiff presently resides at the Sampson Correctional Institution.

3, 2022, and the deadline to file dispositive motions on June 2, 2022. [Doc. 16]. On January 13, 2022, NCPLS filed a Notice of Non-Representation. [Doc. 17]. The discovery deadline was subsequently extended until June 2, 2022. [Doc. 20]. Dispositive motions are due by August 19, 2022. [See July 6, 2022 text-only Order].

The Plaintiff filed the instant Motion to Compel on July 4, 2022,[2] arguing that the Defendants had failed to fully answer all of his interrogatories and respond to his requests for production of documents, without a substantial justification. [Doc. 27]. He asks the Court to award him $5 in expenses. [Id. at 2]. The Defendants filed a Response arguing that the Motion to Compel should be denied because the Plaintiff's discovery requests were untimely and because the Defendants objected to the discovery requests, except for two Interrogatories, on grounds other than timeliness. [Doc. 25]. The Plaintiff has not filed a Reply.

The Plaintiff does not certify in the Motion to Compel that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

"must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

Further, the Plaintiff's discovery requests were untimely and are unenforceable. The Pretrial Order and Case Management Plan directed the parties to "initiate discovery requests … sufficiently in advance of the discovery completion deadline…" and that "[d]iscovery requests that seek responses … after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." [Doc. 16 at 4]. Here, the Plaintiff mailed his discovery requests to defense counsel on May 23, 2022, just 10 days before the discovery deadline expired. [See Docs. 21, 22, 25-1, 25-2]. These requests were thus untimely and unenforceable. See Fed. R. Civ. P. 33(b)(2) (providing 30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2) (providing 30 days to respond to requests for production); Fed. R. Civ. P. 6(d) (adding three days for mail); [Doc. 16].

The Motion to Compel was also untimely filed. It is well established that "a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely." Wiener v. AXA Equitable Life Ins. Co., 481 F.Supp.3d 551, 561 (W.D.N.C.

2020) (quoting Willis v. Cleveland Cty., No. 1:18-cv-292, 2020 WL 398508, at *3 (W.D.N.C. Jan. 23, 2020)) (collecting cases). Here, the Plaintiff filed the Motion to Compel more than a month after the discovery deadline expired. The motion, therefore, is untimely.

Further, the Plaintiff has not demonstrated any basis for the Court to require the Defendants to pay his expenses. See Fed. R. Civ. P. 37(a)(5) (providing for the payment of expenses if a motion to compel is "substantially justified").

**IT IS, THEREFORE, ORDERED** that the Motion for an Order Compelling Discovery [Doc. 24] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge